**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Carolyn Beech, | ) | Case No.:  1:22-cv-00057 |
| | ) | |
| Plaintiff, | ) | Judge: Halil S. Ozerden |
| | ) | |
| v. | ) | Magistrate Judge: Robert H Walker |
| | ) | |
| The Litigation Practice Group, PC, | ) | |
| | ) | |
| Defendant. | ) | |

---

**ANSWER OF DEFENDANT THE LITIGATION PRACTICE GROUP, PC**

---

Now comes Defendant The Litigation Practice Group ("Defendant"), by and through its undersigned counsel, and hereby answers Plaintiff's Complaint as follows:

**NATURE OF THE ACTION**

1.      Defendant denies that it is liable to Plaintiff under any of Plaintiff's claimed theories of relief.  Defendant denies all remaining allegations contained in Paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

**PARTIES**

6.      Defendant denies for lack of knowledge the allegations contained in Paragraph 6 of the Complaint.

7.      Answering Paragraph 7 of the Complaint, Defendant admits only that it is a California professional corporation.   Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

## PLAINTIFF'S ALLEGED FACTS

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Answering Paragraph 12 of the Complaint, Defendant states that any documents signed by Plaintiff speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## COUNT I – CREDIT REPAIR ORGANIZATIONS ACT

20.     Defendant incorporates the above Paragraphs as if fully rewritten herein.

21.     Answering Paragraph 21 of the Complaint, Defendant states that the CROA speaks for itself and that Paragraph 21 does not require a response.   Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Answering Paragraph 32 of the Complaint, Defendant states that the CROA speaks for itself and that Paragraph 32 does not require a response.   Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Answering Paragraph 36 of the Complaint, Defendant states that the CROA speaks for itself and that Paragraph 36 does not require a response.   Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.     Answering Paragraph 45 of the Complaint, Defendant states that the CROA speaks for itself and that Paragraph 45 does not require a response.   Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

## CLASS ALLEGATIONS

46.     Defendant denies that it is liable to Plaintiff under any of Plaintiff's claimed theories of relief.  Further answering, Defendant denies that this action is suitable for a class action. Defendant denies all remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies any and all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, and laches.

2.      Plaintiff fails to state a claim upon which relief may be granted pursuant to Federal Civil Rule 12(b)(6).

3.      This Court lacks personal jurisdiction over Defendant.

4.      Plaintiff's claims fail under the equitable doctrine of "unclean hands."

5.      Plaintiff has failed to mitigate damages, if any.

6.      Any damages incurred by Plaintiff, which Defendant specifically denies, were the result of the actions or inactions of third parties over whom Defendant has no control.

7.      This Court is not the proper venue for this action.

8.      Plaintiff's claims should be dismissed for failure to name an indispensable party.

9.      Plaintiff's claims are barred because Defendant is not a "Credit Repair Organization," as defined by CROA.

10.     Plaintiff's allegations are not suitable for a class action and thus, Plaintiff cannot achieve certification as a class.

11.     Plaintiff's claims fail because this matter is not an Article III case or controversy.

12.     Plaintiff's claims fail because Plaintiff has not alleged, and cannot show, any actual damages, including a concrete, particularized injury.  Plaintiff, therefore, has no standing to bring this action.

13.     Defendant reserves all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, as well as all other affirmative defenses that may be found applicable as discovery progresses.

WHEREFORE, Defendant respectfully requests that this Court dismiss all of Plaintiff's claims in their entirety, grant judgment in favor of Defendant, and order Plaintiff to pay all costs incurred by Defendant in defense of this matter, including reasonable attorney fees and all other relief to which this Court deems Defendant are entitled either at law or in equity.

Respectfully submitted,

By:      */s/ Rebecca J. Mansell, Esq.*
Rebecca J. Mansell, Esq. (MSB 9778)
Rolfes Henry Co., LPA
2113 Government Street, Suite H-2
Ocean Springs, Mississippi 39564
Telephone: (228) 207-1366
Facsimile: (513) 579-0080
Email: rmansell@rolfeshenry.com
          lmoore@rolfeshenry.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2022, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel,

and I hereby certify that I have mailed by United States Postal Service the document to any non-

ECF participants.

Jason Graeber, Esq.
250 Beauvoir Road, Suite 4C
Biloxi, MS 39501
jason@jasongraeberlaw.com
*Attorney for Plaintiff*

Daniel A. Edelman, Esq.
Tara L. Goodwin, Esq.
Edelman, Combs, Latturner & Goodwin, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois 60603-1824
courtecl@edcombs.com

*/s/ Rebecca J. Mansell, Esq.*
Rebecca J. Mansell, Esq. (MSB 9778)