**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| Carolyn Beech, on behalf of herself and the class members described below, | ) Case No.: 1:22-cv-00057-HSO-BWR |
| | ) |
| | ) Judge: Halil S. Ozerden |
| Plaintiff, | ) |
| | ) Magistrate Judge: Robert H Walker |
| vs. | ) |
| | ) |
| The Litigation Practice Group, PC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT THE LITIGATION PRACTICE GROUP, PC'S MEMORANDUM BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO PLAINTIFF CAROLYN BEECH'S MOTION TO COMPEL DISCOVERY RESPONSES**

**I.      INTRODUCTION**

Plaintiff's Motion to Compel ("Motion") is (i) premature and (ii) filed in bad faith.  As a result, Plaintiff's Motion must be denied or otherwise held in abeyance for sixty (60) days until it is ripe for a decision.

Immediately after Plaintiff unilaterally pulled its prior request to mediate this case, Plaintiff attempted to quickly pin down LPG on a comprehensive discovery request seeking thousands of pages of information protected by the attorney-client privilege.

The Parties then met and conferred to discuss LPG's Responses and Objections.  During this "meet and confer" teleconference, LPG agreed to revisit discovery responses and objections, further agreeing to supplement its responses.

Yet, immediately after the teleconference, Plaintiff demanded supplemental responses from LPG within <u>four</u> business days.  Plaintiff had already agreed to supplement its responses, to

produce a privilege log, and to further identify the information protected by the attorney-client privilege.

Plaintiff's Motion is therefore premature and filed in bad faith. Accordingly, Plaintiff's Motion should be denied or otherwise held in abeyance for sixty (60) days in order to afford an opportunity for Plaintiff to supplement its responses, as agreed during the "meet and confer."

## II.     FACTUAL BACKGROUND RELATING TO PLAINTIFF'S MOTION [1]

LPG is a law firm, made up of a collection of attorneys, organized as a professional corporation. LPG received Plaintiff's First Discovery Requests, including requests for admissions, interrogatories, and document requests, on June 23, 2022. (Doc. No. 15).

In response to Plaintiff's specific request for the Parties to mediate this case, on July 25, 2022, LPG agreed to a mediation. Plaintiff's request for mediation was made after defense counsel had provided Plaintiff's counsel with a specific range of settlement numbers that would be palatable for LPG.

On July 25, 2022, LPG sought and received from Plaintiff a 30-day extension, to August 23, 2022, to provide discovery responses for the purpose of committing resources to mediation, in lieu of incurring additional litigation expenses. (Doc. No. 19). Magistrate Judge Ball agreed to mediate the case on September 8, 2022.

On August 23, 2022, LPG provided its Responses and Objections to Plaintiff's First Discovery Requests. Plaintiff's Discovery Requests primarily seek information protected by the attorney-client privilege.

---

[1] A Declaration of defense counsel is attached to the Response in Opposition as Exhibit A.

In advance of the mediation, Plaintiff sought attorney-client privileged information, for purposes of participating in the mediation. On August 24, 2022, Plaintiff advised Defendant that Plaintiff no longer agreed to participate in the mediation.

The September 8 mediation was therefore cancelled. The cancellation was a unilateral decision made by Plaintiff's counsel, as defense counsel specifically advised Plaintiff's counsel that defense counsel would personally travel to Mississippi to appear in person in hopes of resolving the case.

On September 15, 2022, the Parties held a "meet and confer" teleconference to discuss LPG's Responses and Objections to Plaintiff's First Discovery Requests. During this teleconference, LPG agreed to revisit some of its responses and objections, and LPG further agreed to produce supplemental discovery responses. LPG requested ample time to further confer with counsel and review its files, promising to provide Plaintiff with a timeline for supplementing the discovery responses.

On September 15, 2022, shortly after the teleconference ended, Plaintiff e-mailed LPG and demanded supplemental discovery responses no later than September 21, 2022, only four business days after the "meet and confer."

Thereafter, Plaintiff did not even allow LPG the courtesy of the entire four business day deadline which Plaintiff initially imposed. Rather, Plaintiff filed her Motion to Compel before the close of business on September 21, 2022, at 3:28 pm CST. (See Doc. No. 20).

### III. LAW AND ARGUMENT

#### A. Plaintiff Failed to Act in Good Faith as Required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.

In order to file a motion to compel, Rule 37(a)(1) requires the movant to certify that the parties conferred in good faith in an attempt to resolve the discovery dispute before involving the

court. *Barnhardt v. Meridian Mun. Separate Sch*. Dist., No. 4:65-cv-1300 HTW-LRA, 2012 U.S. Dist. LEXIS 42460, at *14 (S.D. Miss. Mar. 28, 2012).  Similarly, Local Rule 37(a) also requires a movant to meet and confer in good faith.

Rule 37(a)(1) further provides that any motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel.  *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 U.S. Dist. LEXIS 122514, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014).  Courts in the Fifth Circuit have continuously held that, "the Rule 37 conference is an effort to avoid judicial intervention, and the parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."  *Jacobs v. Wells*, 2019 U.S. Dist. LEXIS 149882 (M.D. La., Aug. 29, 2019).

> One federal district court opined as follows:
>
> Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion.

*Seastrunk v. Entegris, Inc.*, No. 3:16-cv-2795-L, 2017 U.S. Dist. LEXIS 206901, at *20 (N.D. Tex. Dec. 15, 2017) (*citation omitted*).

Plaintiff certified that the Parties conferred in good faith in an attempt to resolve the discovery dispute.  However, Plaintiff did not act in good faith in attempting to come to a resolution of the discovery disputes before filing her Motion.

4

During the "meet and confer" held on September 15, 2022, LPG stated its willingness to revisit the discovery responses and to also provide supplemental responses. LPG requested time to confer to determine the amount of time needed to provide its supplemental responses.

However, shortly after the teleconference (that same day), Plaintiff demanded full document production and supplemental responses within four (4) business days. This certainly cannot be considered good faith, given that LPG had <u>agreed</u> to supplement responses and to produce a privilege log.

Plaintiff, on the other hand, was insistent in filing her Motion, as Plaintiff failed to provide LPG the full benefit of her own self-imposed deadline of four business days. Plaintiff filed her Motion before the close of business on September 21, 2022, at 3:28 pm CST. (See Doc. No. 20). Indeed, Plaintiff did not even afford LPG the benefit of the entire day, seeing that Plaintiff had demanded responses no later than September 21.

Plaintiff has clearly failed to meet in good faith, and her Motion was filed in bad faith. The good faith, "meet and confer" process is in place to avoid the exact situation in which the Court and Parties now find themselves. Plaintiff has simply used the process as a formalistic prerequisite to judicial resolution, having no intention of informally resolving the dispute.

Accordingly, Plaintiff's Motion should be denied or otherwise held in abeyance for sixty (60) days to permit LPG to supplement its discovery responses.

**B.     Plaintiff's Motion to Compel is Premature.**

"Federal Rule of Civil Procedure 26(b)(5) clearly states that a party withholding otherwise discoverable information on the basis of privilege is required to both 'expressly make the claim' and 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and doing so in a manner that, without revealing information itself privileged or

5

protected, will enable other parties to assess the claim.'" *Midwest Feeders, Inc. v. Bank of Franklin*, 2015 U.S. Dist. LEXIS 179559, *8 (SD Miss. November 19, 2015) (denying plaintiff's motion to compel as premature because privilege logs had not been exchanged, providing a deadline by which the privilege logs were to be produced, and directing the parties to confer in good faith to address disputes over withheld information or documents once the privilege logs were produced). Further, it has been found that the filing of a motion to compel prior to the deadline to produce discovery is premature. See *Price v. Plantation Mgmt. Co.*, 2008 U.S. Dist. LEXIS 82224, 2 (MD La. October 15, 2008).

Here, LPG made the claim of attorney-client privilege. It also further expounded on its claims of privilege during the telephonic "meet and confer." While meeting and conferring, LPG requested additional time to provide supplemental responses and production, including a privilege log. Plaintiff refused to afford any such time, instead granting LPG a mere four business days to complete the supplemental production. LPG was not even given a chance to provide a privilege log, which this Court has found to render a motion to compel premature. Plaintiff's motion is therefore premature and should be denied.

"A district court has broad discretion in all discovery matters . . ." *St. Bernard Parish v. Lafarge N. Am., Inc.*, 550 Fed. Appx. 184, 188 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000).

LPG respectfully requests that this Court exercise its broad discretion in overseeing discovery by either (i) denying Plaintiff's Motion as premature and not in good faith or (ii) holding Plaintiff's Motion in abeyance and providing LPG sixty (60) days, from the date of this Court's Order on the Motion, to supplement its written discovery responses and document production and to provide a privilege log.

LPG further submits that the issue of attorney-client privilege is not yet ripe for review. LPG therefore requests that the Court allow the parties to brief any remaining issues, including but not limited to whether the discovery sought by Plaintiff is protected by the attorney-client privilege, if any such issues remain following LPG's supplemental discovery production.

LPG does not waive any attorney-client privilege claims, and LPG further reserves the right to brief the privilege issue if it remains following the supplemental discovery production.

## IV. CONCLUSION

LPG respectfully requests that this Court deny Plaintiff's Motion to Compel as premature. Moreover, Plaintiff's Motion was not filed in good faith. Alternatively, LPG requests that it be given sixty (60) days from the date of this Court's Order to supplement its written discovery responses and document production and to provide a privilege log. LPG is willing to provide a status report to the Court following the sixty (60) days to advise whether additional briefing on the attorney-client privilege is necessary.

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

*/s/ Kyle T. Anderson*
Christopher R. Pettit (OH B#: 0065694)
Matthew T. Anderson (OH B#: 0082730)
Kyle T. Anderson (OH B#: 0097806)
1160 Dublin Road, Suite 400
Columbus, Ohio 43215-1052
(614) 221-7663 Fax: (866) 345-4948
Email: cpettit@LNLattorneys.com
Email: manderson@LNLattorneys.com
Email: kanderson@LNLattorneys.com
*Attorneys for Defendant The Litigation Practice Group PC*

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing has been filed via the Court's electronic filing system on this 5th day of October, 2022.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

                */s/ Kyle T. Anderson*
                Kyle T. Anderson (OH B#: 0097806)
                *Attorney for Defendant*