**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| CAROLYN BEECH, on behalf of herself and the class members described below, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | 1:22 cv 57 - HSO-BWR |
| THE LITIGATION PRACTICE GROUP, PC, | ) ) ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF THE PLAINTIFF'S
MOTION TO COMPEL DISCOVERY RESPONSES**

COMES NOW Plaintiff, Carolyn Beech, and files this reply in support of the Plaintiff's motion to compel discovery responses against the Litigation Practice Group, P.C., ("LPG") and in support thereof would show unto the Court as follows:

As LPG admits, Plaintiff's motion seeks to enforce discovery propounded on June 23, 2022 – 3.5 months ago. So far, not a single document has been produced. Responses to written discovery were completely evasive. As set forth in Plaintiff's motion, LPG repeatedly invoked the attorney-client privilege to avoid responding to discovery when it is not even colorably applicable. For example, the size of the proposed class and the amounts collected from class members is not subject to the attorney-client privilege (these are facts about LPG's business operations, not a communication). Whether statutorily-prescribed disclosures were made is not privileged (they are required by the Credit Repair Organizations Act before LPG is hired). Whether money was collected before services were fully performed (a CROA violation) is not privileged.

We are not dealing with the finer points of privilege law, such as whether a communication to an attorney was a legal communication or a business communication. We are dealing with the

wholesale invocation of the privilege to matters to which it plainly does not apply to prevent Plaintiff from proving her case.

Instead of addressing the merits of its responses, LPG seeks to litigate Plaintiff's compliance with Rule 37.1.  LPG does so in a manner so grossly misleading as to warrant sanctions.  For example, LPG claims that Plaintiff unilaterally cancelled the mediation in this matter.  Not so.  The parties communicated by telephone on August 24, 2022 to discuss disclosure of documents before the mediation with Judge Ball.  Plaintiff asked LPG to disclose the class size, the amounts collected from class members, and any facts relating to its ability to pay in advance of the mediation.  LPG initially said it would provide such information but then refused to do so. Without this information, Plaintiff would have been attempting to negotiate a class settlement blind.

Both parties agreed the mediation would be a waste of Judge Ball's time.  Plaintiff emailed Judge Ball's chambers and requested the mediation be cancelled.  Defendant did not object or indicate disapproval (See *Exhibit 1* – emailed dated August 24, 2022 to Judge Ball's chambers).

Indeed, LPG's description of the parties' discussions only underscores the lack of substantive merit to its position.  Most importantly, LPG complains that Plaintiff only gave it "four business days" (six calendar days) to reconsider its position on attorney-client privilege and provide a timeline for production.  How long does LPG seriously expect that it should be given for that purpose?  Plaintiff's motion cites two Fifth Circuit decisions which set forth black-letter law on the privilege issue, and which Plaintiff contends are dispositive of LPG's privilege claims.  How long does LPG need to read two decisions?

It is now 20 days since the parties conferred and Plaintiff explained why LPG's objections lacked merit.  At the time, LPG said it would reconsider its position on attorney-client privilege.  LPG does not state that it has reconsidered its position.  LPG does not express agreement or explain the basis for disagreement with Plaintiff's position on a single discovery request.  LPG

does not seek to defend its invocation of the attorney-client privilege in even a single instance. It obviously cannot do so.

LPG wants another two months to evaluate its position. This would result in producing no discovery for nearly six months after discovery requests were propounded. Plaintiff's counsel are obligated to prosecute this case with the expedition this Court expects and could not agree to the sort of interminable and pointless delays LPG wants.

It is apparent that LPG is simply attempting to avoid providing discovery and is asserting baseless objections to that end. LPG should be ordered to comply within a definite, short time.[1] Furthermore, LPG should be required to pay the attorney's fees expended in connection with this motion.

WHEREFORE, PREMISES CONSIDERED, Beech respectfully requests an order granting her motion to compel discovery responses and ordering LPG to pay the attorney's fees expended in connection with this motion.

This the 6th day of October 2022.

Respectfully submitted,

/s/Jason Graeber.
Jason Graeber Attorney for Beech
250 Beauvoir Road, Suite 4C

Biloxi, Mississippi 39531
Telephone: (228) 207-7117
Facsimile: (228) 207-8634
MSB No.: 101267
jason@jasongraeberlaw.com

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark Street, Ste 1500
Chicago, Illinois 60540
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
dedelman@edcombs.com

---

[1] Notably, LPG's has not even signed its interrogatory responses.

## **CERTIFICATE OF SERVICE**

    I, Jason Graeber, attorney for the Plaintiff, do hereby certify that I electronically filed a reply in support of Plaintiff's motion to compel discovery with the Court via the ECF system, which provides notification of said filing to all counsel of record.

                                          */s/Jason Graeber       .*
                                          Jason Graeber

This the 6th day of October 2022.