# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| Carolyn Beech, on behalf of herself and the class members described below, | Case No.: 1:22-cv-00057-HSO-BWR |
| Plaintiff, | Judge: Halil S. Ozerden |
| vs. | Magistrate Judge: Bradley W. Rath |
| The Litigation Practice Group, PC, | |
| Defendant. | |

## DEFENDANT'S EMERGENCY MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF MOTION TO TRANSFER

Now comes Defendant, The Litigation Practice Group, PC ("LPG" or "Defendant"), by and through its undersigned counsel, and hereby respectfully moves this Court for an order staying all proceedings in this action, pending resolution of LPG's Motion to transfer this action to the United States District Court for the Southern District of Ohio. A Memorandum in Support accompanies this Motion.

Respectfully submitted,

*/s/ Rebecca J. Mansell*

Rebecca J. Mansell, Esq. (MSB # 9778)
Rolfes Henry Co., LPA
2113 Government Street, Suite H-2
Ocean Springs, Mississippi 39564
Telephone: (228) 207-1366
Facsimile: (513) 579-0080
Email: rmansell@rolfeshenry.com
         lmoore@rolfeshenry.com

*and*

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

*/s/ Matthew T. Anderson*

Christopher R. Pettit (OH B#: 0065694)
Matthew T. Anderson (OH B#: 0082730)
Kyle T. Anderson (OH B#: 0097806)
1160 Dublin Road, Suite 400
Columbus, Ohio 43215-1052
(614) 221-7663 Fax: (866) 345-4948
Email: cpettit@LNLattorneys.com
Email: manderson@LNLattorneys.com
Email: kanderson@LNLattorneys.com

*Attorneys for Defendant, The Litigation Practice Group PC*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

On December 6, 2022, Defendant LPG filed a motion with the Judicial Panel on Multidistrict Litigation to transfer this case and ten other actions to a single district court for consolidated and coordinated pretrial proceedings. *See IN RE: The Litigation Practice Group, PC, Credit Repair Organizations Act (CROA) Contract Litigation*, MDL No. 3065.

If granted, LPG's Motion to transfer would obviate the need for further proceedings before this Court, thereby significantly conserving judicial resources. It would also save LPG from defending itself against duplicative, nearly identical litigation across eight separate judicial districts in eleven different cases. A stay of the instant action is appropriate under these circumstances.

**II.    LAW AND ARGUMENT**

An action is not automatically stayed upon filing a motion to transfer an action for purposes of multidistrict litigation. *See Miss. ex rel. Hood Ag v. Dollar Gen. Corp.*, No. 3:17cv801-LG-LRA, 2017 U.S. Dist. LEXIS 230668, *4-5 (S.D. Miss. November 14, 2017). "However, '[t]he district court has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Id.* at *5 (quoting *Hinton v. Dick's Sporting Goods, Inc.*, No. 2:13cv237-KS-MTP, 2014 U.S. Dist. LEXIS 24426, (S.D. Miss. Feb. 26, 2014)). "The party seeking a stay bears the burden of demonstrating its necessity." *Id.* (internal quotation omitted).

"Where an MDL is being considered or a transfer pending, a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings . . . because of the judicial resources that are conserved.'" *Miss. ex rel. Hood Ag v. Dollar Gen. Corp.*, 2017 U.S. Dist. LEXIS 230668 (S.D. Miss. November 14, 2017) citing *Little v. McKesson Corp.*, 2016 U.S.

Distr. LEXIS 175234 (S.D. Cal. Dec. 16, 2016). In addition, "[w]here a ... motion to stay is pending, courts have held that deference to the MDL court for resolution of a motion ... often provides the opportunity for uniformity, consistency, and predictability in litigation that underlies the MDL system. *Id*.

Courts in the Fifth Circuit routinely stay proceedings during a pending MDL decision. *See, e.g., Miss. ex rel. Hood Ag v. Dollar Gen. Corp.*, No. 3:17cv801-LG-LRA, 2017 U.S. Dist. LEXIS 230668 (S.D. Miss. November 14, 2017) (finding a stay pending a decision on MDL appropriate because a stay would "promote judicial efficiency, avoid duplicative litigation, and avoid the risk of inconsistent results"); *Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*, NO. 1:12-CV-00179-GHD-DAS, 2013 U.S. Dist. LEXIS 240 (N.D. Miss. January 2, 2013) (finding a stay appropriate despite "strong" opposition from the non-moving party because the Judicial Panel typically rules on transfer within three months and a stay would promote judicial economy without prejudice to the non-moving party); *Scott v. Bayer Corp.*, No. 03-28882004, U.S. Dist. LEXIS 371 (E.D. La. January 13, 2004) (granting a motion to stay pending a decision on transfer to MDL is based on guidance from the Manual for Complex Litigation, and by doing so would promote judicial economy, the non-moving party would not be prejudiced, and minimizes the risk of inconsistent rulings); *Brannon v. BP Am. Prod. Co.*, No. H-11-4055, 2012 U.S. Dist. LEXIS 3139 (S.D. Tex. January 11, 2012) (granting a stay pending decision on MDL because the stay would only be in effect for a few months and because the moving party may have suffered significant hardship if the stay is denied due to the risk of inconsistent pretrial rulings by different courts).

In the past, this Court has evaluated the appropriateness of a stay under the following factors: whether the Motion raises issues likely to arise in other actions pending in the MDL transferee court, potential prejudice to the non-moving party; hardship and inequity to the moving

party if the action is not stayed; and the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Miss. ex rel. Hood Ag*, at \*6.

In addition to the instant case, LPG is a defendant in a nearly identical putative class action in the Northern District of Georgia. *Eaton et al. v. The Litigation Practice Group, PC,* N.D. Georgia No. 1:22-cv-00917-VMC. LPG objects to class-wide discovery in this matter and in *Eaton* on the basis that LPG provides legal services to its clients, and thus LPG's client files are protected by the attorney-client privilege. While an individual, such as Plaintiff here, may waive the privilege on behalf of herself, she cannot waive the privilege on behalf of non-present nationwide putative class members. This same issue will undoubtedly arise in the *Eaton* class action as well.

Similarly, and notwithstanding the attorney-client privilege, a request for other putative class members' files is simply disproportionate to the needs of this case and *Eaton*. *See* Federal Civil Rule 26(b)(1). LPG thus anticipates moving this Court (and the *Eaton* Court) for a protective order pursuant to Federal Civil Rule 26(c).

As a result, LPG will be subjected to significant hardship and inequity if it is subject to inconsistent pretrial rulings. This Court will conserve judicial resources on this issue and other pretrial matters if it grants LPG's request for a stay.

Plaintiff cannot show any undue prejudice if this matter is briefly stayed. The oral argument on LPG's Motion to transfer is scheduled for January 26, 2023. *See* MDL No. 3065, Doc. No. 9. A decision is anticipated shortly thereafter. If LPG's Motion to Stay is granted, this case would only be stayed for approximately two (2) months. That is not unduly prejudicial to Plaintiff, especially in comparison to the significant harm and undue prejudice that LPG would suffer if a stay of proceedings is not granted here.

In sum, transferring the two substantially similar class actions (which is likely) will promote efficiency and not unduly waste the Court's time in the event of disputes over discovery and other motions practice, which may occur during the pendency of two separate actions. LPG thus stands to suffer a significant undue burden if it faces inconsistent and incongruent discovery obligations (and other rulings) in two different District Courts. A stay is therefore necessary and appropriate in this case.

## III. CONCLUSION

For the foregoing reasons, LPG respectfully seeks a stay of this action, pending a ruling as to whether this litigation, as the second-filed and duplicative action, should be transferred to a different judicial district. LPG respectfully submits that a stay of this action, pending a ruling on LPG's Motion to Transfer, is just and necessary. Plaintiff was consulted prior to the filing of this Motion, and Plaintiff does not consent to a stay.

Respectfully submitted,

*/s/ Rebecca J. Mansell*

Rebecca J. Mansell, Esq. (MSB 9778)
Rolfes Henry Co., LPA
2113 Government Street, Suite H-2
Ocean Springs, Mississippi 39564
Telephone: (228) 207-1366
Facsimile: (513) 579-0080
Email: rmansell@rolfeshenry.com
       lmoore@rolfeshenry.com

*and*

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

*/s/ Matthew T. Anderson*

Christopher R. Pettit (OH B#: 0065694)
Matthew T. Anderson (OH B#: 0082730)

                    Kyle T. Anderson (OH B#: 0097806)
                    1160 Dublin Road, Suite 400
                    Columbus, Ohio 43215-1052
                    (614) 221-7663 Fax: (866) 345-4948
                    Email: cpettit@LNLattorneys.com
                    Email: manderson@LNLattorneys.com
                    Email: kanderson@LNLattorneys.com

*Attorneys for Defendant, The Litigation Practice Group PC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing has been filed via the Court's electronic filing system on this 20th of December 2022.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

*/s/ Rebecca J. Mansell*

Rebecca J. Mansell, Esq. (MSB 9778)
*Attorney for Defendant*