IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROLYN BEECH
*on behalf of herself and the class members
described in complaint*                                                            PLAINTIFF

VS.                                                            CIVIL NO. 1:22-CV-00057-HSO-BWR

LITIGATION PRACTICE GROUP, PC                                               DEFENDANT

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO STAY
PROCEEDINGS PENDING RESOLUTION OF MOTION TO TRANSFER [33]**

  BEFORE THE COURT is an Emergency Motion to Stay Proceedings Pending Resolution of Motion to Transfer [33] filed by Defendant, The Litigation Practice Group, PC (LPG). LPG seeks to stay this case pending ruling by the Judicial Panel on Multidistrict Litigation (JPML) on LPG's petition to transfer this and other actions against it to multidistrict litigation (MDL) pursuant to the MDL statute, 28 U.S.C.A. § 1407. Plaintiff Carolyn Beech has filed a Response [34] [35] opposing the Motion, and LPG has filed a Reply [36]. The Court held a telephonic discovery conference with the parties' counsel on January 19, 2023 to discuss LPG's Motion to Stay Proceedings. Having considered the submissions of the parties, the record, and relevant law, the Court finds that LPG's Motion to Stay Proceedings should be denied.

I. BACKGROUND

  Beech filed her Complaint [1] against LPG on March 17, 2022, alleging that LPG violated the Credit Repair Organizations Act "by charging and receiving money for services it agreed to perform before such services were fully performed;" by failing to provide required written disclosures; and through its failure to provide notice of

cancellation rights. [1] at 3-7. The Complaint seeks to assert claims on behalf of three classes.

LPG requested and received an extension of time to answer and filed its Answer [10] on May 9, 2022. On June 22, 2022, a telephone case management conference occurred, and a Text Only Scheduling Order was entered. The deadline to conduct class-certification-related discovery was set as December 1, 2022. The deadline for filing motions for class certification was set as January 17, 2023.

A settlement conference was set for September 8, 2022 before Magistrate Judge F. Keith Ball. The settlement conference was canceled on September 8 because Beech found LPG's responses to discovery deficient, particularly LPG's invocation of the attorney-client privilege in response to nearly every discovery request. [20] at 1-2. LPG invoked a blanket assertion of attorney-client privilege without providing a privilege log, and LPG did not have its officer or agent who furnished information sign its responses to interrogatories.

On September 21, 2022, Beech filed a Motion to Compel Discovery Responses [20]. After Beech's Motion to Compel was briefed, a telephonic discovery conference was held on December 2, 2022. The undersigned observed that LPG's responses to discovery offered eleven, preamble "General Objections" to Beech's entire set of discovery requests, and then in response to nearly every request, LPG stated that the request sought information protected by the attorney-client privilege.

The undersigned told LPG's counsel that general objections to an entire set of discovery have no effect. The undersigned told LPG's counsel that LPG's discovery

obligations would not be stayed to allow him time to file a JPML petition. The Court extended the deadline for class-certification discovery to February 1, 2023 and the deadline for class certification motions to April 17, 2023. A Text Only Order issued granting Beech's Motion to Compel [20] and providing:

> Defendant Litigation Practice Group, PC (LPG) indicated in its 10/5/22 Response [22] to the Motion to Compel that it would revisit its responses to Plaintiff's written discovery. Fifty-eight days have passed since that representation, and LPG has not amended its responses. Within ten days of this Order, LPG shall produce to Plaintiff LPG's amended responses to Plaintiffs Requests for Admission 10, 11, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25; Interrogatories 1, 3, 4, 5, 6 and 7; and Requests for Production 1-11, 14 and 17. Within 30 days of this Order, LPG shall produce a privilege log. LPG did not sign its initial responses to Plaintiffs Interrogatories. Fed. R. Civ. P. 33(b)(5) requires the officer or agent of LPG who furnished the information to sign them, and the attorney who makes objections to sign any objections. The officer or agent of LPG who furnishes the information in LPG's amended responses to Interrogatories must sign the responses on behalf of LPG.

Dec. 2, 2022 Text Only Order.

Four days later, LPG filed a petition before JPML, seeking to transfer this case and ten other actions to MDL before the United States District Court for the Southern District of Ohio for consolidated and coordinated pretrial proceedings. *See In re: The Litigation Practice Group, PC, Credit Repair Organizations Act (CROA) Contract Litigation*, MDL No. 3065. LPG then filed the instant Emergency Motion to Stay Proceedings Pending Resolution of Motion to Transfer [33] in this Court on December 20, 2022.

LPG argues that this matter should be stayed pending JPML's decision on its petition to transfer to conserve judicial resources and "save LPG from defending itself against duplicative, nearly identical litigation across eight separate judicial districts

3

in eleven different cases." [33] at 3. LPG submits that it "objects to class-wide discovery in this matter and in *Eaton* on the basis that LPG provides legal services to its clients, and thus LPG's client files are protected by the attorney-client privilege." [35] at 3. *Eaton* is a putative class action, limited to residents of Georgia, that is pending against LPG in the United States District Court for the Northern District of Georgia. *See Eaton et al. v. The Litigation Practice Group, PC,* No. 1:22-cv-917-VMC (N.D. Ga. removed Mar. 4, 2022). [33] at 5. *Eaton* was filed about two months before this suit.

Beech counterargues that LPG "has manufactured an 'emergency' for the purpose of further stonewalling discovery" and should not be rewarded in its efforts to forum shop. [34] at 1. Beech asserts that LPG's counsel "raised, no later than June 15, 2022, the possibility of a proceeding before [JPML]" but did not file a JPML petition until December 6, 2022, four days after Beech's Motion to Compel was granted. Beech argues that there is no basis for staying this action because this case and *Eaton* are the only two putative class actions against LPG and have no class overlap, meaning they are not "duplicative," while the remaining actions LPG requests to transfer are individual actions that are not "nearly identical" to class actions. [34] at 1. Five Responses opposing LPG's petition to transfer have been filed before JPML. *See* Resps. [22] [24] [25] [29] [31], MDL No. 3065. LPG's petition to transfer is set for a January 26, 2023 hearing before JPML.

At the January 19, 2023 telephonic discovery conference, the Court learned that since being compelled to respond to discovery on December 2, 2022, LPG

4

produced amended responses to Beech's discovery requests and had its officer or agent who furnished the information signed the interrogatory responses. LPG produced its file for Beech and a two-page privilege log that did not name and describe each document withheld as privileged and the date, author, and recipient of the document. LPG did not produce any other client files, but counsel informed the Court that they were working towards agreeing to a stipulation that would resolve disputes regarding the documents LPG would provide. The undersigned informed counsel that if the stipulation was not agreed to by close of business today, Beech could file a second motion to compel.

## II. DISCUSSION

District courts have "broad discretion to stay proceedings as an incident to [the] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Deciding whether to stay a case requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255-56.

28 U.S.C.A. § 1407 provides that JPML may transfer "civil actions involving one or more common questions of fact [that] are pending in different districts" for "coordinated or consolidated pretrial proceedings" where the transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). JPML rules provided that the pendency of a motion to transfer before JPML

> does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial

jurisdiction of the court. An order to transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court.

Rules of JPML, Rule 2.1(d).

Federal Rule of Civil Procedure 26(b)(5)(A) requires that if a party claims attorney-client privilege, it must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Local Uniform Civil Rule 26(e) imposes an absolute requirement that a party asserting a privilege must produce a privilege log with the name of the document, a description of the document, and the date, author, and recipient of the document. L.U.Civ.R. 26(e). "To withhold materials without such notices subjects the withholding party to sanctions under FED.R.CIV.P. 37 and may be viewed as a waiver of the privilege or protection." L.U.Civ.R. 26(e).

LPG's JPML petition does not divest this Court of jurisdiction. In either this forum or before JPML, LPG will be required to produce discovery and support its invocation of the attorney-client privilege. LPG claims there is a risk of inconsistent pretrial rulings but has yet to cite to this Court, or to JPML, any law supporting its view that a party may assert the attorney-client privilege in a blanket manner. LPG should expect sanctions, which may include a finding of waiver of the attorney-client privilege, if it continues to rely on a blanket assertion of attorney-client privilege in

response to Beech's discovery requests, and if it continues to refuse to produce a compliant privilege log.

### III. CONCLUSION

**IT IS ORDERED** that LPG's Motion to Stay Proceedings Pending Resolution of Motion to Transfer is **DENIED**.

**IT IS FURTHER ORDERED** that the deadline for class certification discovery is extended to March 3, 2023, and the deadline for class certification motions remains April 17, 2023.

**SO ORDERED**, this the 19th day of January 2023.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE