UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: THE LITIGATION PRACTICE GROUP, PC, CREDIT
REPAIR ORGANIZATIONS ACT (CROA) CONTRACT LITIGATION    MDL No. 3065

ORDER DENYING TRANSFER

    **Before the Panel**: Defendant The Litigation Practice Group, PC (LPG), moves under 28 U.S.C. § 1407 to centralize eleven actions in the Southern District of Ohio or, alternatively, in the Northern District of Ohio. The actions are pending in nine districts, as listed on Schedule A. Plaintiffs in five actions oppose centralization and plaintiffs in two additional actions oppose inclusion of their actions in any MDL. Alternatively, in the event of centralization, responding plaintiffs variously propose the Northern District of Georgia, the Southern District of Mississippi, and the Central District of California as the transferee district.

    On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. These actions share allegations that LPG, a California law corporation, violated the Credit Repair Organizations Act (CROA) or state statutory and common law, by falsely representing to clients that it would remove debts from their credit reports and improve their credit ratings, and by failing to comply with various other statutory requirements. While most of the actions will involve common issues of fact relating to whether LPG is a credit repair organization within the meaning of CROA, the involved claims appear to be relatively straightforward and each will involve distinct questions of fact regarding the plaintiffs' individual financial circumstances, the representations made by LPG to each plaintiff, and whether and how LPG failed to provide the promised services.

    There are additional variations among the claims that weigh against centralization. Plaintiffs, among them, assert claims under six different states' credit services, debt relief, or other consumer protection statutes, whose terms and requirements vary. The *Williamson* action in the Bankruptcy Court for the District of Kansas is an adversary proceeding that does not assert a CROA claim at all. Rather, plaintiff in *Williamson*, as bankruptcy trustee, seeks to recover the debtors' payments to LPG as a fraudulent conveyance under 11 U.S.C. § 548(a)(1) and under Kansas consumer protection laws. And plaintiff in the N.D. Georgia *Hammett* action asserts claims against Debt Advisors of America and Coast Processing, rather than LPG, and states that he has settled his claims against LPG.

    In arguing that centralization is justified, LPG points out that the Northern District of Georgia *Eaton* action and the Southern District of Mississippi *Beech* action are putative class

actions and contends that centralization is necessary to avoid the risk of inconsistent rulings with respect to class certification. LPG further argues that plaintiffs have sought discovery of absent class members' files in *Beech* and are likely to seek such discovery in *Eaton*; thus, it maintains, there may be inconsistent rulings regarding attorney-client privilege issues. We are not persuaded. The classes sought in the two actions do not overlap and differ in several other regards. Plaintiff in *Eaton* seeks to represent a class of Georgia residents with claims under CROA and three different Georgia consumer protection laws, while plaintiff in *Beech* seeks to represent a nationwide class of CROA claimants excluding Georgia residents. Thus, the actions will not raise identical class certification issues. In any event, even if certain class certification and attorney-client privilege issues may arise in both class actions, that is not sufficient reason to centralize the eleven involved actions, nine of which are brought by or on behalf of individual plaintiffs.[1]

To the extent that discovery does overlap among the actions, informal coordination seems preferable to centralization. A number of the responding plaintiffs, including plaintiffs in the *Eaton* and *Beech* class actions, state that they are willing to cooperate with respect to discovery issues, and no responding plaintiff has indicated otherwise. Plaintiffs in six actions are represented by two law firms and LPG is represented in all actions by national counsel. In these circumstances, various mechanisms should be available to minimize duplicative discovery. *See In re Belviq (Lorcaserin HCl) Prods. Liab. Litig.*, 555 F. Supp. 3d 1369, 1370-71 (J.P.M.L. 2021) (noting that parties could cross-notice depositions and stipulate that discovery relevant to more than one action be usable in all actions). *See also* Manual for Complex Litig., Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

[1] At oral argument, counsel for LPG posited that plaintiffs in *all* cases may seek discovery of LPG clients' files in order to establish that LPG is a credit relief organization. Thus, counsel argued, attorney-client privilege issues may arise in all cases involving CROA claims against LPG. There is no indication in the record, however, that any such discovery has been sought to date other than in the *Beech* action and we are not inclined to speculate about possible future discovery requests.

IN RE: THE LITIGATION PRACTICE GROUP, PC, CREDIT
REPAIR ORGANIZATIONS ACT (CROA) CONTRACT LITIGATION     MDL No. 3065

## SCHEDULE A

Central District of California

GRAHAM v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 2:22−07915

Eastern District of California

RIZO v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 2:22−01959

Northern District of Georgia

EATON v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 1:22−00917
HAMMETT v. DEBT RESOLUTION DIRECT, LLC, C.A. No. 1:22−04249

District of Kansas

WILLIAMSON v. LITIGATION PRACTICE GROUP, PC, Bky. Adv. No. 5:22−07015

Southern District of Mississippi

BEECH v. LITIGATION PRACTICE GROUP, PC, C.A. No. 1:22−00057

Northern District of Ohio

SHEFFIELD, ET AL. v. THE LITIGATION PRACTICE GROUP, PC,
    C.A. No. 3:22−02093
KLAUS v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 3:22−02094

Southern District of Ohio

SCARLETT v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 3:22−00342

Middle District of Pennsylvania

PRICE v. LITIGATION PRACTICE GROUP, P.C., ET AL., C.A. No. 3:22−00707

Western District of Texas

TOPP v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 6:22−00814