IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROLYN BEECH
*on behalf of herself and the class members
described in complaint* **PLAINTIFF**

v. **CIVIL NO. 1:22-CV-00057-HSO-BWR**

LITIGATION PRACTICE GROUP, PC et al. **DEFENDANT**

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR WITHDRAWAL OF COUNSEL [77]

BEFORE THE COURT is the [77] Motion for Withdrawal of Counsel, filed by attorneys Rebecca Mansell, Matthew Anderson, Christopher Pettit, and Kyle Anderson, who represent Defendants Litigation Practice Group PC ("LPG"), Tony Diab, Daniel March (incorrectly identified as "Marsh" in the First Amended Complaint), Jayde Trinh, and Vulcan Consulting Group LLC ("Vulcan"). Plaintiff Carolyn Beech does not oppose the Motion.

The Motion for Withdrawal of Counsel will be granted with respect to Diab, March, and Trinh who are natural persons and denied without prejudice as to LPG and Vulcan, who are not. LPG and Vulcan are warned that they must have substitute counsel enter an appearance on their behalf. The deadline for LPG and Vulcan to have substitute counsel enter an appearance is September 11, 2023. After this deadline, Movants may file a renewed motion to withdraw as counsel as to LPG and Vulcan. Any renewed motion must be accompanied by proof of notice to LPG and the Chapter 11 Trustee in LPG's bankruptcy case.

# I. BACKGROUND

Beech's Complaint alleges violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.,* and was filed on March 17, 2022 against LPG only. On March 20, 2023, LPG filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing a bankruptcy case that is pending in the Central District of California (Santa Ana). *See In re: The Litigation Practice Group, P.C.,* Docket No. 8:23-bk-10571-SC (Bankr. C.D. Cal. filed Apr. 21, 2023).

On April 21, 2023, a First Amended Complaint was filed in this case, adding as Defendants, Diab, Marsh, Validation Partners LLC ("Validation"), Russ Squires, Wes Thomas, Vulcan, Trinh, and Oakstone Law Group, PC ("Oakstone). On June 5, 2023, Movants filed an Answer [72] to the First Amended Complaint on behalf of Diab, March, Trinh, and Vulcan. No answer or other response to the First Amended Complaint has been filed by Squires, Thomas, Validation, and Oakstone. A clerk's entry of default [75] was entered against Squires, Thomas, Validation, and Oakstone on June 8, 2023.

On May 25, 2023, the Chapter 11 Trustee in LPG's bankruptcy case filed an adversary proceeding, seeking injunctive relief, avoidance, recovery, and alleged fraudulent transfers. *See Marshack v. Diab et al.,* Docket No. 8:23-ap-01046 (Bankr. C.D. May 25, 2023). Included as defendants in the adversary proceeding are many of the same Defendants here – Diab, March, Trinh, Thomas, Vulcan, Validation, and Oakstone. Movants note that LPG, Diab, and March are defendants in state court actions pending in the Superior Court of California, County of Orange. The Court's

2

review of other litigation against LPG, Diab, and March shows that most cases have been dismissed at the request of the plaintiff, indicating a settlement.

Diab, March, and Trinh, have signed the instant Motion for Withdrawal of Counsel, showing their notice of the Motion. An individual named Lisa Cohen, who is also a defendant in the bankruptcy adversary proceeding, signed the Motion on behalf of Vulcan. No representative signed the Motion on behalf of LPG, and the Chapter 11 Trustee in LPG's bankruptcy case did not sign the Motion. The Motion does not indicate that the Chapter 11 Trustee is aware of counsels' intent to withdraw.

Movants professed good cause for requesting withdrawal follows:

> 11. Due to recent allegations and testimony in the above-referenced Bankruptcy proceedings, there exists a conflict of interest inherent in the continued representation of Defendants.
>
> 12 The undersigned attorneys' continued representation of Defendants adversely affects the attorneys' relationships with the other Defendants, and Defendants do not consent to continued representation.
>
> 13. In addition, due to the Bankruptcy, there exist concerns about whether Defendants can reasonably afford the mounting legal fees, as the available resources are now very limited, and there is already a significant outstanding balance owed to the undersigned attorneys.
>
> 14. Defendants have been made aware of the undersigned attorneys' intent to file the instant motion and have not expressed an opposition.
>
> 15. The undersigned attorneys cannot zealously and adequately represent Defendants in this case due to the reasons stated herein.

> 16. If this Motion is granted, no party will suffer a material adverse effect. Discovery has not yet begun on the First Amended Complaint.

[77] at 3.

## II. DISCUSSION

When an attorney agrees to undertake the representation of a client, he or she is expected to see it through to completion. Attorneys may not withdraw as counsel of record until certain requirements are satisfied. Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks omitted). An attorney may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* An attorney seeking withdrawal in this district must comply with Local Uniform Civil Rule 83.1(b)(3) which provides that "[a]n attorney may be released only on motion signed by the client(s) or upon a duly noticed motion to all parties, including the client . . . ." L.U.Civ.R. 83.1(b)(3).

While it is established that individuals have a statutory right to represent themselves under 28 U.S.C. § 1654 ("parties may plead and conduct their own cases personally or by counsel"), the same is not so for corporations, limited liability companies, and associations because they are not natural persons. Corporations, limited liability companies, and associations are fictional legal persons who can only plead and conduct their case through licensed counsel. *See Rowland v. California Men's Colony,* 506 U.S. 194, 201-02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d

4

871, 873 (5th Cir. 2004); *Rowland and Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984). "This is so even when the person seeking to represent the corporation is its president and major stockholder." *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981).

Movants have not stated that they have apprised LPG and Vulcan that they cannot plead or conduct their own defense without counsel. To ensure that LPG and Vulcan are not laboring under a misconception about the possible consequences of granting the instant Motion for Withdrawal of Counsel, they will be provided an opportunity to retain substitute counsel before the Court will consider allowing Movants to withdraw from representing them. LPG and Vulcan are warned that they must have substitute counsel enter an appearance on their behalf on or before September 11, 2023. *See Memon,* 385 F.3d at 874 ("In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case."); *Donovan,* 736 F.2d at 1005 (finding district court properly struck defenses after corporate representative declined to hire counsel to represent the corporation).

The Motion is denied without prejudice as to LPG for another reason – lack of proof of notice. The Motion is not signed by a representative of LPG. The Motion is not signed by the Chapter 11 Trustee in LPG's bankruptcy case. There is no indication that LPG or the Trustee have notice of Movants' request to withdraw as counsel. No forwarding contact information for LPG has been provided. The Court requires proof

of notice to LPG, proof of notice to the Chapter 11 Trustee in LPG's bankruptcy, and LPG's contact information for the docket. Proof of notice requires either an authorized signature or a certified mail receipt. Movants may file a renewed motion for withdrawal of counsel after LPG's and Vulcan's deadline for obtaining substitute counsel has passed.

Defendants Diab, March, and Trinh have a statutory right to proceed pro se under 28 U.S.C. § 1654 and have signed the Motion for Withdrawal of Counsel, indicating that they consent to withdrawal. March and Trinh are licensed attorneys, and Diab is a disbarred attorney. March, Trinh, and Diab are presumed to understand the consequences of proceeding without counsel.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that the [77] Unopposed Motion for Withdrawal of Counsel is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART**. Movants are **GRANTED** leave to withdraw as counsel for Diab, March, and Trinh. Their request to withdraw on behalf of LPG and Vulcan is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that **September 11, 2023** is the deadline for LPG and Vulcan to have substitute counsel enter an appearance on their behalf.

**IT IS FURTHER ORDERED** that Movants are responsible for providing a copy of this Order to LPG, Diab, March, Trinh, and Vulcan.

**SO ORDERED**, this the 27th day of July, 2023.

*s/* *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE