IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CAROLYN BEECH,** *on behalf of*                                                       **PLAINTIFF**
*herself and the class members*
*described in complaint*

**v.**                                                           **Civil No. 1:22cv57-HSO-BWR**

**THE LITIGATION PRACTICE GROUP,**
**PC, et al.**                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF CAROLYN BEECH'S MOTION [86] TO CERTIFY CLASS WITH RESPECT TO DEFENDANTS OTHER THAN THE LITIGATION PRACTICE GROUP, PC

BEFORE THE COURT is Plaintiff Carolyn Beech's Motion [86] to Certify Class with Respect to Defendants other than The Litigation Practice Group, PC, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3). No Defendant has filed a response to the Motion [86]. Having considered the record and relevant legal authority, the Court finds that Plaintiff Carolyn Beech's Motion [86] should be denied without prejudice, because she has not carried her burden to show each of her proposed classes or subclasses satisfies Rule 23. Plaintiff is granted leave to refile her motion on or before February 1, 2024, in accordance with this Order.

1

## I. BACKGROUND

A.     Plaintiff's Complaint and Amended Complaint

Plaintiff Carolyn Beech ("Plaintiff") brought this action pursuant to the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq. and "on behalf of 3 classes, pursuant to Fed.R.Civ.P. [sic] 23(a) and 23(b)(3)." Compl. [1] at 1, 7. The Complaint [1] alleged that Defendant The Litigation Practice Group, PC ("LPG") was a credit repair organization which violated CROA, *id.* at 2-8, and that LPG solicited Plaintiff for a "debt forgiveness" program, where LPG would negotiate settlements on Plaintiff's delinquent debts amounting to $12,650.44 in return for her paying LPG $296.95 a month for two years, *id.* at 2. The Complaint [1] further alleged that LPG represented to Plaintiff that its program would "repair her credit and improve her credit score." *Id.* Plaintiff discontinued her payments after three months when she was served with summonses and complaints on two of the debts LPG had agreed to negotiate on her behalf. *Id.* at 3.

The one-count Complaint [1] asserted that LPG violated CROA in three different ways. *Id.* at 3-7. First, Plaintiff claimed that LPG violated CROA's prohibition on charging and receiving payment before services were fully performed. *Id.* at 4; *see also* 15 U.S.C. § 1679b(b). Second, she asserted that LPG failed to make the required written disclosures to consumers, and that "it is the standard policy and practice of Defendant LPG to not provide the required disclosures." Compl. [1] at 4-5; 15 U.S.C. § 1679c(a)-(b). Third, she contended that LPG failed to include the required cancellation rights in its contract and provide separate notice of

2

consumers' cancellation rights. Compl. [1] at 5-7; 15 U.S.C. §§ 1679d(4), 1679e. The Complaint [1] stated that there were three classes of plaintiffs: "Class A," consisting of those who entered into contracts that provided for payment before services were fully performed; "Class B," including those who were not provided the required written disclosures; and "Class C," consisting of those who entered into contracts without cancellation rights and were not provided separate notice of their cancellation rights. *Id.* at 7-8.

On February 10, 2023, Plaintiff filed her first Motion [40] to Certify Class based upon the three designations outlined in the Complaint [1]. Mot. [40] at 1-2. On March 21, 2023, LPG filed Notice [46] that it had sought bankruptcy protection the previous day. Not. [46]; *see also In re The Litigation Practice Group P.C.*, 8:23-bk-10571-SC (Bankr. C.D. Cal. filed Mar. 20, 2023). Pursuant to 11 U.S.C. § 362(a) and LPG's Notice [46], the Court denied Plaintiff's Motion [40] without prejudice and stayed proceedings against LPG. Text Only Order, April 11, 2023.

On February 20, 2023, Plaintiff filed a Motion [42] for Leave to File Amended Complaint Adding Parties, which the Court granted on April 20, 2023, "with the understanding that The Litigation Practice Group's bankruptcy petition automatically stayed the continuance of this judicial proceeding as against it." Text Only Order, April 20, 2023; *see also* Mot. [42]. The First Amended Complaint [48] added Defendants Daniel S. March (incorrectly identified as "Marsh" in the First Amended Complaint), Tony M. Diab, Validation Partners, LLC, Russ Squires, Wes Thomas, Vulcan Consulting Group LLC, Jayde Trinh, and Oakstone Law Group PC.

3

1st Am. Compl. [48] at 1-2. The First Amended Complaint [48] outlines the same factual allegations as those in the original Complaint [1], and maintains the same three alleged CROA violations and the same three class designations. *Id.* at 3-12. The First Amended Complaint [48] adds allegations regarding the new defendants' roles in LPG's asserted CROA violations. *Id.* at 3-12.

Specifically, the First Amended Complaint [48] asserts that Defendant Tony M. Diab ("Diab") is a disbarred attorney who was responsible for operating LPG and who authorized the alleged CROA violations. *Id.* Defendant Daniel S. March ("March") was the sole officer and director of LPG, but was more of a figurehead who permitted Diab to use March's name on documents that violated CROA. *Id.* at 3.

Defendant Validation Partners, LLC ("Validation Partners") allegedly raised capital for LPG's operations, which it accomplished by purchasing at a discount accounts receivable owed to LPG by consumers. *Id.* at 4. Plaintiff asserts that Validation Partners used nearly $66,000,000.00 of investor funds to purchase over 40,000 accounts receivable and then loaned LPG $3,835,045.00. *Id.* Additionally, Validation Partners purportedly received payments before services were fully performed and from contracts that did not contain cancellation rights, all in violation of CROA. *Id.* at 9, 11. Defendants Russ Squires ("Squires") and Wes Thomas ("Thomas"), as the executive directors of Validation Partners, knowingly authorized and directed Validation Partners' actions. *Id.* at 5.

4

Defendants Vulcan Consulting Group LLC ("Vulcan") and Oakstone Law Group, PC ("Oakstone") allegedly received funds or benefits derived from LPG's CROA violations. *Id.* at 6. Lastly, Defendant Jayde Trinh ("Trinh"), who was listed as an "attorney" for LPG, was an assistant to Diab, and was allegedly held out as "head attorney" for Oakstone despite not being listed on the website of the California State Bar. *Id.* at 5.

B.      Plaintiff's second Motion [86] to Certify Class

Plaintiff has now filed a second Motion [86] to Certify Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), seeking to certify the same three classes as pleaded in both complaints [1], [48]. Mot. [86] at 1-2; *see also* Fed. R. Civ. P. 23(a), 23(b)(3). She argues that this case satisfies the four requirements of Rule 23(a) because LPG had 67,000 clients, the case deals with the legality of standardized documents and standard practices, each class member was subject to these practices, and Plaintiff nor her counsel have any interests which conflict with the proposed classes. *See* Mem. [87] at 13-17 (quoting Fed. R. Civ. P. 23(a)). Notably, Plaintiff does not separately articulate how each of her three class designations individually satisfy Rule 23. *See id.* at 13-18. No Defendant has responded to Plaintiff's Motion [89].

## II. DISCUSSION

### A. Relevant legal authority

"[I]t is the party seeking certification who bears the burden of establishing that the requirements of Rule 23 have been met." *Madison v. Chalmette Refining, L.L.C.*, 637 F.3d 551, 554-55 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir. 2003)). Even where a motion to certify class is unopposed, "courts still evaluate whether plaintiffs have met the required standard." *Crowley v. Paint & Body Experts of Slidell, Inc.*, No. CIV.A. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014) (citations omitted); *see also, e.g.*, *Cunningham v. Wawa, Inc.*, 387 F. Supp. 3d 529, 539 (E.D. Pa. 2019) ("Nonetheless, '[e]ven when unopposed, a motion for class certification must be evaluated on the merits.'" (alteration in original) (quoting *Douglin v. GreatBanc Tr. Co., Inc.*, 115 F. Supp. 3d 404, 409 (S.D.N.Y. 2015)); *Welsh v. Navy Fed. Credit Union*, No. 5:16-CV-1062-DAE, 2018 WL 7283639, at *4-8 (W.D. Tex. Aug. 20, 2018); *Coles v. StateServ Med. of Fla., LLC*, No. 8:17-CV-829-T-17-AEP, 2018 WL 1181645, at *3-4 (M.D. Fla. Mar. 5, 2018); *Ramirez v. Lewis Energy Group, L.P.*, No. 5:15-CV-34, 2015 WL 13673678, at *2-5 (S.D. Tex. July 9, 2015).

Under Federal Rule of Civil Procedure 23(a), four requirements must be satisfied before a class is certified:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 623 (5th Cir. 1999); *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 129 (5th Cir. 2005). The class must also satisfy one of the three requirements of Rule 23(b). Fed. R. Civ. P. 23(b). Here, Plaintiff maintains that the third requirement of Rule 23(b) is met, Mem. [87] at 17-18, specifically "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy[,]" Fed. R. Civ. P. 23(b)(3).

Rule 23 permits certification of multiple classes or "subclasses" in a single case. *See* Fed. R. Civ. P. 23(c)(5). Under Rule 23(c)(5), "[w]hen appropriate, a class may be divided into subclasses that are each treated as a class under this rule." *Id.* However, this does not relieve a plaintiff from satisfying Rule 23's other requirements, as a plaintiff still has a "duty to show *each subclass* independently satisfied the Rule 23 requirements." *Elson v. Black*, 56 F.4th 1002, 1007 (5th Cir. 2023) (emphasis added); *see also* 7AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1790 (3d ed. 2023) (stating that when subclasses are formed, "each subclass must independently meet the requirements of Rule 23.")

B.  Plaintiff has not made the required showing as to each proposed subclass

Plaintiff essentially requests the certification of three separate classes or subclasses. Mot. [86] at 1-2. However, her Motion [86] and brief only address Rule 23's requirements as to one class as a whole, that being all clients of LPG. Mem. [87] at 9. Since Plaintiff has requested the certification of multiple classes or

7

subclasses, her Motion [86] is therefore insufficient to carry her Rule 23 burden. *See Black*, 56 F.4th at 1007; *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, No. MDL 071873, 2008 WL 5423488, at *5 (E.D. La. Dec. 29, 2008).

Plaintiff's proposed certification does not show how each class satisfies Rule 23(a)'s numerosity requirement. *See* Mem. [87] at 14-15; *see also* Fed. R. Civ. P. Rule 23(a)(1). Plaintiff only briefed numerosity as it relates to LPG's clients generally, without stating the number of members in each of her proposed subclasses; instead she states generally that "[t]here are 67,000 class members." *Id.* at 13. Plaintiff bases this number on LPG's stipulation in this case made prior to entering bankruptcy, Ex [386-10] at 1, and Diab's testimony at the creditor's meeting in LPG's bankruptcy action, where he stated that "at its peak, LPG was representing a total of about 67,000 clients," Ex. [86-3] at 46; Mem. [87] at 4. But Plaintiff has not explained numerosity as it relates to each individual subclass, and the evidence upon which she relies does not make this clear. *See generally* Mem. [87]; Exs. [86-3], [86-10]. Accordingly, Plaintiff has not properly shown numerosity as it relates to each of her proposed classes or subclasses. *See, e.g., In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 2008 WL 5423488, at *5 (denying a plaintiff's motion to certify class because plaintiff failed to brief numerosity as to each proposed subclass). "Based on Plaintiff['s] lack of analysis and briefing on this subject, it is unclear whether the numerosity requirement is met for some or all of the proposed [subclasses]." *Id.* As such, Plaintiff has not carried her Rule 23 burden and her motion should be denied without prejudice for this reason alone.

8

Additionally, Plaintiff has not shown that "*each* subclass *independently* satisfie[s]" Rule 23's other requirements. *Black*, 56 F.4th at 1007 (emphasis added). Just as with numerosity, Plaintiff must show commonality, typicality, adequacy of representation, and superiority as to each subclass. *Id.* Plaintiff has not done so, instead addressing each requirement as to one class as whole. Mem. [87] at 13-19. If Plaintiff seeks certification of multiple classes or subclasses, she is required to brief and analyze all the requirements of Rule 23 as to each class or subclass. *See Black*, 56 F.4th at 1007; *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, No. MDL 071873, 2008 WL 5423488, at *5 (E.D. La. Dec. 29, 2008).

### III.  CONCLUSION

The Court cannot grant Plaintiff's request as presented and as such it should be denied without prejudice. Plaintiff may refile her motion on or before February 1, 2024, but she must satisfy Rule 23 by either specifying how each individual class or subclass satisfies Rule 23, or by instead proposing a single general class.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Carolyn Beech's Motion [86] to Certify Class is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of January, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE